# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| DEBRA L. RAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-1155-SSA-CV-W-MJW |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Debra L. Ray seeks judicial review[1] of a final administrative decision denying her disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. The parties' briefs are fully submitted, and an oral argument was held on July 23, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

## Discussion

Plaintiff appeals the decision of the Administrative Law Judge (ALJ) which determined she was not disabled, as defined by the Social Security Act, from her onset date of May 4, 2011.

The main issue in this case is whether the ALJ's opinion was error based on the ALJ's failure to give proper weight to the medical opinion evidence in the record.  Plaintiff argues that the ALJ's determination of no weight to be given to the September 21, 2011 opinion of plaintiff's treating oncologist, Dr. Flanagan, was error.  Dr. Flanagan opined that plaintiff's treatments for and impairments resulting from her breast cancer diagnosis would cause debilitating limitations affecting plaintiff's ability to work lasting more than 12 months.  Plaintiff further alleges the ALJ erred in relying on the nonexamining, nontreating consulting oncologist in determining plaintiff's disabling impairments would not continue 12 months.  The consulting oncologist, Dr. Rullman, testified at the hearing that based on his review of the records, plaintiff should complete chemotherapy in July 2011, and that plaintiff should be largely recovered and functional by the end of 2011, less than 12 months after being diagnosed with cancer.

Upon review, this Court finds remand is necessary in order to fully develop the medical record.  Disability is defined in the Social Security regulations as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

2

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 416(i)(1); 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a) and 416.905(a). Here, at the time of the ALJ's opinion, the opinions of both plaintiff's treating oncologist, and the nontreating, nonexamining oncologist on which the ALJ relied, were based on speculation as to whether plaintiff's severe impairments resulting from her diagnosis and treatment for breast cancer would exceed 12 months.[2] This speculation dilemma can be easily resolved now that the 12-month period from March 2011 has run. The ALJ should be able to obtain updated medical records and report from plaintiff's treating oncologist regarding the actual duration of plaintiff's impairments resulting from her breast cancer diagnosis and treatment. See Rowland v. Astrue, 2012 WL 5463069 (W.D. Ark. 2012) (remand necessary where additional medical evidence submitted after the ALJ's opinion revealed the plaintiff's disabling impairments did not resolve in less than twelve months). This applies as well to the consulting oncologist who should be able to provide an updated opinion, now that 12 months have passed since March 2011, the date plaintiff was diagnosed with cancer, as to whether plaintiff's medical records in fact show that she recovered from breast cancer and was largely functional in less than 12 months as he originally opined.

## Conclusion

There is not substantial evidence in the record to support the decision of the ALJ. Accordingly, this case is remanded for further development of the record as set forth herein. See Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (determination of when the Commissioner has failed to develop the record is made on a case-by-case basis). This additional medical evidence is material to the ALJ's determination of whether plaintiff is disabled.

Based on the foregoing, it is,

ORDERED that the decision of the Commissioner is reversed and this case is remanded, pursuant to Sentence 4, for further consideration and development of the record.

---

[2] There is no dispute that during the time plaintiff received treatment for breast cancer and when the medical opinions were given, she suffered from severe impairments, making her unable to do her past relevant work or any other kind of substantial gainful work.

3

Dated this 25th day of July, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge